■ In the Matter of THOMAS DALLIO, Appellant, v ANTHONY ANNUCCI, as Deputy Commissioner and Counsel at Upstate Correctional Facility, Respondent. [797 NYS2d 786]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 18, 2004 in Franklin County, which, inter alia,

dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to view videotapes.

Petitioner appealed from Supreme Court's dismissal of his petition in a proceeding pursuant to CPLR article 78 in which he had been denied an opportunity to view certain facility security videotapes he had obtained under the Freedom of Information Law (*see* Public Officers Law art 6). In response to respondent's position that the appeal was moot, petitioner contended that he had not been permitted to view the tapes in their entirety. On our remittal (15 AD3d 806 [2005]), Supreme Court determined that at the time he commenced this proceeding, petitioner had not been afforded the opportunity to view the tapes in their entirety. Supreme Court found, however, that on April 12, 2005, petitioner was offered an opportunity to view the tapes in their entirety and he refused to leave his cell choosing, instead, to await a decision of this Court declaring that inmates who have obtained such tapes through the Freedom of Information Law must be given an opportunity to view them.

Finding that Supreme Court correctly determined that plaintiff was offered and rejected all the relief sought in this proceeding, we hold that petitioner's appeal from the judgment dismissing his petition to annul the determination that denied him the opportunity to view the tapes must be dismissed as moot (*see Matter of Ramos v New York State Div. of Parole*, 2 AD3d 936, 937 [2003]).

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.